Michael Eidel (SBN 119701)
meidel@foxrothschild.com
FOX ROTHSCHILD LLP
2001 Market Street, Suite 1700
Philadelphia, Pennsylvania 19103
Tel.:    215.918.3568
Fax:    215.299.2150

James Breitenbucher (*pro hac vice*)
jbreitenbucher@foxrothschild.com
Al Roundtree (SBN 350531)
aroundtree@foxrothschild.com
Grace Wan (*pro hac vice*)
gwan@foxrothschild.com
FOX ROTHSCHILD LLP
1001 Fourth Avenue, Suite 4400
Seattle, Washington 98154
Tel.:    206.624.3600
Fax:    206.389.1708

Joshua Bornstein (SBN 311658)
jbornstein@foxrothschild.com
FOX ROTHSCHILD LLP
10250 Constellation Blvd., Suite 900
Los Angeles, California 90067
Tel.:    310.598.4150
Fax:    310.556.9828

*Attorneys for Plaintiff iSpot.tv, Inc.*

Demian A. Ordway (*pro hac vice*)
dordway@hsgllp.com
Vincent Levy (*pro hac vice*)
vlevy@hsgllp.com
Brian T. Goldman (*pro hac vice*)
bgoldman@hsgllp.com
Michael Freedman (*pro hac vice*)
mfreedman@hsgllp.com
Daniel K. Phillips (*pro hac vice*)
dphillips@hsgllp.com
HOLWELL SHUSTER & GOLDBERG LLP
425 Lexington Ave., 14th Floor
New York, NY 10017
Telephone: (646) 837-5151
Facsimile: (646) 837-5150

Jeffrey B. Valle (SBN 110060)
jvalle@vallemakoff.com
Nuritsa S. Ksachikyan (SBN 221929)
nksachikyan@vallemakoff.com
VALLE MAKOFF LLP
11777 San Vicente Blvd., Suite 890
Los Angeles, CA 90049
Telephone: (310) 476-0300
Facsimile: (310) 476-0333

*Attorneys for Defendants Nadya Teyfukova
and Entertainment Data Oracle, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISPOT.TV, INC., | Case No. 2:21-cv-06815-MEMF-MAR |
| Plaintiff, | Hon. Maame Ewusi-Mensah Frimpong |
| v. | **AMENDED JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS** |
| NADYA TEYFUKOVA AND ENTERTAINMENT DATA ORACLE, INC., | Courtroom: 350 W. 1st St., 8B |
| Defendants. | Final Pretrial Conf.: July 2, 2025 |
| | Jury Trial: January 5, 2026 |

# Index of Parties' Joint Agreed Upon Proposed Jury Instructions

| No. | Title | Source | Page |
|---|---|---|---|
| 1 | Joint Statement of the Case | [Parties] | 1 |
| 2 | Multiple Parties | Judicial Council of California Civil Jury Instruction No. 103 | 2 |
| 3 | Evidence for Limited Purpose | Manual of Model Jury Instructions for the Ninth Circuit 1.11 | 3 |
| 4 | Direct and Circumstantial Evidence | Model Civil Jury Instructions of the Ninth Circuit No. 1.12 | 4 |
| 5 | Ruling on Objections | Manual of Model Jury Instructions for the Ninth Circuit 1.13 | 5 |
| 6 | Credibility of Witnesses | Model Civil Jury Instructions of the Ninth Circuit No. 1.14, Judicial Council of California Civil Jury Instruction No. 5003 | 6 |
| 7 | Conduct of the Jury | Manual of Model Jury Instructions for the Ninth Circuit 1.15 | 8 |
| 8 | Publicity During Trial | Manual of Model Jury Instructions for the Ninth Circuit 1.16 | 10 |
| 9 | No Transcript Available to Jury | Manual of Model Jury Instructions for the Ninth Circuit 1.17 | 11 |
| 10 | Taking Notes | Manual of Model Jury Instructions for the Ninth Circuit 1.18 | 12 |
| 11 | Questions to Witnesses by Jurors During Trial | Manual of Model Jury Instructions for the Ninth Circuit 1.19 | 13 |
| 12 | Bench Conferences and Recesses | Manual of Model Jury Instructions for the Ninth Circuit 1.20 | 14 |
| 13 | Outline of Trial | Manual of Model Jury Instructions for the Ninth Circuit 1.21 | 15 |
| 14 | Duty of Jury | Manual of Model Jury Instructions for the Ninth Circuit 1.3 | 16 |
| 15 | Claims and Defenses | Manual of Model Jury Instructions for the Ninth Circuit 1.5 | 17 |
| 16 | Burden of Proof—Preponderance of the Evidence | Manual of Model Jury Instructions for the Ninth Circuit 1.6 | 18 |
| 17 | What is Evidence | Model Civil Jury Instructions of the Ninth Circuit No. 1.9 | 19 |
| 18 | What is Not Evidence | Manual of Model Jury Instructions for the Ninth Circuit 1.10 | 20 |
| 19 | Confidential Information | Jury Instructions, Wixen Music UK Ltd. v. Transparence Entertainment Group, Inc., No. 21-cv-02663-MEMF-MRW (ECF 215); Midwest Mfg, LLC v. Curt Mfg., LLC, 2024 WL 4164250, at *2 (D.S.D. Sept. 12, 2024) ("The confidentiality markings were placed on the exhibits after litigation began. They are irrelevant to the issues in this case."); BladeRoom Grp. Ltd. v. Facebook, Inc., 2018 WL 1569703, at *5 (N.D. Cal. Mar. 30, 2018) (same); Sutphin v. Ethicon, Inc., 2020 WL 5079170, at *5 (S.D.W. Va. Aug. 27, 2020) (same) | 21 |
| 20 | Cautionary Instructions | Manual of Model Jury Instructions for the Ninth Circuit 2.0 | 22 |

i

| No. | Title | Source | Page |
|---|---|---|---|
| 21 | Expert Opinion Testimony | Manual of Model Jury Instructions for the Ninth Circuit 2.13 | 24 |
| 22 | Dual Role Testimony | United States Court for the Ninth Circuit, Manual of Model Criminal Jury Instructions, 3.15 (Dual Role Testimony), Option 3 | 25 |
| 23 | Established Facts | Parties | 27 |
| 24 | Deposition in Lieu of Live Testimony | Manual of Model Jury Instructions for the Ninth Circuit 2.4 | 28 |
| 25 | Impeachment Evidence—Witness | Manual of Model Jury Instructions for the Ninth Circuit 2.9 | 29 |
| 26 | Use of Interrogatories | Model Civil Jury Instructions of the Ninth Circuit No. 2.11 | 30 |
| 27 | Use of Requests for Admission | Model Civil Jury Instructions of the Ninth Circuit No. 2.12 | 31 |
| 28 | Charts and Summaries Not Received in Evidence | Model Civil Jury Instructions of the Ninth Circuit No. 2.14, modified; Judicial Council of California Civil Jury Instructions 5020, modified | 32 |
| 29 | Credibility of Witnesses | Manual of Model Jury Instructions for the Ninth Circuit 1.14 | 33 |
| 30 | Corporations and Partnerships—Fair Treatment | Manual of Model Jury Instructions for the Ninth Circuit 4.1 | 35 |
| 31 | Liability of Corporations—Scope of Authority Not in Issue | Manual of Model Jury Instructions for the Ninth Circuit 4.2 | 36 |
| 32 | Burden of Proof—Preponderance of the Evidence | Manual of Model Jury Instructions for the Ninth Circuit 1.6 | 37 |
| 33 | Adverse Inference from Destruction of Evidence | Court's Order on Motions in Limine ECF 401 at 6:19- 7:4; 9:5 – 11; 7.2.25 Transcript of Pretrial Conference, ECF 372 at 31:18 - 33:6) | 38 |
| 34 | Breach of Contract – Summary of Claim | Washington Pattern Jury Instruction – Civil (7th ed.), WPI 300.01; ECF No. 71 at 26 (citing *Storti v. Univ. of Wash.*, 330 P.3d 159, 163 (Wash. 2014)); ECF No. 280 at 18–20, 24–29 | 39 |
| 35 | Breach of Contract - Burden of Proof | Washington Pattern Jury Instructions 300.02, modified; Amended Summ. J. Order, ECF 374 | 41 |
| 36 | Breach of Contract - Contract Defined | Washington Pattern Jury Instructions 301.01 | 43 |
| 37 | Contract Interpretation | Washington Pattern Jury Instruction – Civil (7th ed.), WPI 301.05; Scott Galvanizing, Inc. v. Nw. EnviroServices, Inc., 120 Wash. 2d 573, 580–81 (1993) (citation and internal quotation marks omitted) (cited by Court, ECF No. 280 at 18:1–3) | 45 |
| 38 | Usage and Custom | Stender v. Twin City Foods, Inc., 82 Wash. 2d 250, 255–56 (1973) (cited by Court, ECF No. 280 at 18:3–5) | 43 |
| 39 | Placeholder for Disputed Instruction: Breach – Definition | | 46 |

| No. | Title | Source | Page |
|---|---|---|---|
| 40 | Breach of Contract – Proximate Cause | Washington Pattern Jury Instructions 15.01 | 47 |
| 41 | Measure of Expectation Damages – Breach of Contract | Washington Pattern Jury Instruction – Civil (7th ed.), WPI 303.01 | 48 |
| 42 | Breach of Contract – Damages – Lost Profits | Washington Pattern Jury Instruction – Civil (7th ed.), WPI 300.04; WPI 303.04 | 49 |
| 43 | Breach of Contract – Damages – Lost Subscription Fees | *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 709 (9th Cir. 2004), *as amended on denial of reh'g and reh'g en banc* (Oct. 25, 2004); *Oracle Corp. v. SAP AG*, 765 F.3d 1081, 1087 (9th Cir. 2014) | 50 |
| 44 | Misappropriation of Trade Secrets — Essential Factual Elements | CACI 4401 | 51 |
| 45 | Misappropriation of Trade Secrets – Introduction | CACI 4400 | 52 |
| 46 | Misappropriation of Trade Secrets – Secrecy Requirement | Judicial Council of California Civil Jury Instruction No. 4403, modified; 18 U.S.C. § 1839(3)(A) | 53 |
| 47 | Misappropriation of Trade Secrets – Reasonable Efforts to Protect Secrecy | Judicial Council of California Civil Jury Instruction No. 4404, modified; 18 U.S.C. § 1839(3)(A); WalkMe Ltd. v. Whatfix, Inc., 2024 WL 3364019, at *2 (N.D. Cal. July 9, 2024); 7EDU Impact Acad. Inc. v. You, 760 F. Supp. 3d 981, 996 (N.D. Cal. 2024) | 54 |
| 48 | Misappropriation of Trade Secrets – "Independent Economic Value" Explained | Judicial Council of California Civil Jury Instruction No. 4412; 18 U.S.C. § 1839(3)(B) | 56 |
| 49 | Misappropriation of Trade Secrets – Misappropriation by Use | Judicial Council of California Civil Jury Instruction No. 4407; 18 U.S.C. § 1839(5)(B) | 57 |
| 50 | Misappropriation of Trade Secrets – Improper Means of Acquiring Trade Secret | Judicial Council of California Civil Jury Instruction No. 4408 | 58 |
| 51 | Trade Secrets Causation -- Substantial Factor | Judicial Council of California Civil Instruction No. 430 | 59 |
| 52 | Remedies for Misappropriation of Trade Secret | CACI 4409 | 60 |
| 53 | Punitive Damages for Willful and Malicious Misappropriation | CACI 4411 | 61 |
| 54 | Burden of Proof—Clear and Convincing Evidence | Manual of Model Jury Instructions for the Ninth Circuit 1.7 | 62 |
| 55 | Duty of Jury | Model Civil Jury Instructions of the Ninth Circuit No. 1.4 | 63 |
| 56 | Duty to Deliberate | Manual of Model Jury Instructions for the Ninth Circuit 3.1 | 64 |
| 57 | Credibility of Witness | Model Civil Jury Instructions of the Ninth Circuit No. 1.14; Judicial Council of California Civil Jury Instruction No. 5003 (last paragraph) | 65 |

| No. | Title | Source | Page |
|-----|-------|--------|------|
| 58 | Demonstratives | Model Civil Jury Instructions of the Ninth Circuit No. 2.14, modified; Judicial Council of California Civil Jury Instructions sec. 5020, modified. | 67 |
| 59 | Summary Exhibits | Model Civil Jury Instructions of the Ninth Circuit No. 2.15, modified; Judicial Council of California Civil Jury Instructions sec. 5020, modified. | 68 |
| 60 | Communication with the Court | Manual of Model Jury Instructions for the Ninth Circuit 3.3 | 69 |
| 61 | Evidence in Electronic Format | Model Civil Jury Instructions of the Ninth Circuit No. 2.16 | 70 |
| 62 | Consideration of Evidence—Conduct of the Jury | Manual of Model Jury Instructions for the Ninth Circuit 3.2 | 72 |
| 63 | Readback or Playback | Manual of Model Jury Instructions for the Ninth Circuit 3.4 | 73 |
| 64 | Return of Verdict | Manual of Model Jury Instructions for the Ninth Circuit 3.5 | 74 |
| 65 | Post-Discharge Instruction | Manual of Model Jury Instructions for the Ninth Circuit 3.9 | 75 |

iv

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 1**

**(Joint Statement of the Case)**

To help you follow the evidence, I will give you a brief summary of the case:

This case involves two companies that are both, broadly speaking, in the media analysis business. The plaintiff is a company called iSpot.tv, and the defendants are a company called EDO, Inc. and a former employee of EDO, Nadya Teyfukova.

From March 2016 to March 2018, EDO subscribed to iSpot's services for the movie industry, which provided EDO with access to both iSpot's dashboard and database of information about TV ads for movies, such as the time an ad aired and the TV station on which the ad aired. iSpot claims that EDO violated certain provisions of the parties' subscription agreement by, among other things, using iSpot's services to develop a competing media analytics service. EDO denies these claims.

In September 2019, EDO hired Nadya Teyfukova. From September 2019 to May 2021, as an EDO employee, Ms. Teyfukova - using credentials she received at a previous job – accessed and downloaded data from iSpot's system. iSpot claims the access and use of its data constitutes misappropriation of iSpot's trade secrets by EDO and Ms. Teyfukova, and that iSpot suffered harm as a result. EDO and Ms. Teyfukova deny these claims.

**Authority**: Parties.

**When to Read to Jury:** Before opening statements.

1

AMENDED JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS

**INSTRUCTION NO. 2**

**(Multiple Parties)**

There are two defendants in this trial. You should decide the case against each defendant separately as if it were a separate lawsuit. Each defendant is entitled to separate consideration of that defendant's own defenses.

Unless I tell you otherwise, all instructions apply to each defendant.

**Authority**: Judicial Council of California Civil Jury Instruction No. 103.

**When to Read to Jury**: Before opening statements

2

**INSTRUCTION NO. 3**

**EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.


[INSTRUCTION DURING TRIAL:] The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of [*describe purpose*] and not for any other purpose.]


**Source(s):** Manual of Model Jury Instructions for the Ninth Circuit 1.11.

**When to Read to Jury**: Before opening statement

**INSTRUCTION NO. 4**

**(Direct and Circumstantial Evidence)**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

**Authorities**: Model Civil Jury Instructions of the Ninth Circuit No. 1.12, with suggested illustrative example.

**When to Read to Jury**: Before opening statement

**INSTRUCTION NO. 5**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered, or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence.  That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

**Source(s):** Manual of Model Jury Instructions for the Ninth Circuit 1.13.

**When to Read to Jury**: Before opening statement

**INSTRUCTION NO. 6**

**(Credibility of Witness)**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case, if any;

5. the witness's bias or prejudice, if any;

6. whether other evidence contradicted the witness's testimony;

7. the reasonableness of the witness's testimony in light of all the evidence; and

8. any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest. The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves. You must not be biased against or in favor of any witness because of his or her disability, gender, race, religion, ethnicity, sexual orientation, age, national origin, or socioeconomic status.

AMENDED JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS

1    **Authorities**: Model Civil Jury Instructions of the Ninth Circuit No. 1.14; Judicial Council of

2    California Civil Instruction No. 5003 (last paragraph).

3    **When to Read to Jury**: Before opening statements.

AMENDED JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS

**INSTRUCTION NO. 7**

**CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, the platform "X" formerly known as Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it[,although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make

8

any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers— until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings [, and a mistrial could result, requiring the entire trial process to start over].  If any juror is exposed to any outside information, please notify the court immediately, by sending a note through the [clerk] [bailiff] signed by any one or more of you.

**Source(s)**: Manual of Model Jury Instructions for the Ninth Circuit 1.15

**When to Read to Jury**: Before opening statement

9

1

**INSTRUCTION NO. 8**

2

**PUBLICITY DURING TRIAL**

3      If there is any news media account or commentary about the case or anything to do with it,

4  you must ignore it.  You must not read, watch, or listen to any news media account or commentary

5  about the case or anything to do with it.  The case must be decided by you solely and exclusively

6  on the evidence that will be received in the case and on my instructions as to the law that applies.

7  If any juror is exposed to any outside information, please notify me immediately.

8

9  **Source(s):** Manual of Model Jury Instructions for the Ninth Circuit 1.16.

10  **When to Read to Jury**: Before opening statement

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMENDED JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS

1

**INSTRUCTION NO. 9**

2

**NO TRANSCRIPT AVAILABLE TO JURY**

3       I urge you to pay close attention to the trial testimony as it is given.  During deliberations

4   you will not have a transcript of the trial testimony.

5

6   **Source(s):** Manual of Model Jury Instructions for the Ninth Circuit 1.17.

7   **When to Read to Jury**: Before opening statement

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMENDED JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS

**INSTRUCTION NO. 10**

**TAKING NOTES**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

**Source(s):** Manual of Model Jury Instructions for the Ninth Circuit 1.18.

**When to Read to Jury**: Before opening statement

**INSTRUCTION NO. 11**

**QUESTIONS TO WITNESSES BY JURORS DURING TRIAL**

Only the lawyers and I are allowed to ask questions of witnesses.  A juror is not permitted to ask questions of witnesses.  *[Specific reasons for not allowing jurors to ask questions may be explained.*]  If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

**Source(s):** Manual of Model Jury Instructions for the Ninth Circuit 1.19.

**When to Read to Jury**: Before opening statement

AMENDED JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS

**INSTRUCTION NO. 12**

**BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it [may become] [became] necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess.  Please understand that while you [are] [were] waiting, we [are] [were] working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum.  I [may] [did] not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Source(s):** Manual of Model Jury Instructions for the Ninth Circuit 1.20.

**When to Read to Jury**: Before opening statement

14

**INSTRUCTION NO. 13**

**OUTLINE OF TRIAL**

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendants may cross-examine. Then the defendants may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.


**Source(s):** Manual of Model Jury Instructions for the Ninth Circuit 1.21

**When to Read to Jury**: Before opening statement

**INSTRUCTION NO. 14**

**DUTY OF JURY**

Members of the jury: You are now the jury in this case.  It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

At the end of the trial, I will give you final instructions.  It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

**Source(s):** Manual of Model Jury Instructions for the Ninth Circuit 1.3.

**When to Read to Jury:** Before Opening Statements

AMENDED JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS

1

2

**INSTRUCTION NO. 15**

**CLAIMS AND DEFENSES**

3     To help you follow the evidence, I will give you a brief summary of the positions of the

4 parties:

5     The plaintiff iSpot asserts two claims. First, that the Defendant EDO breached a written

6 agreement between the parties that was signed in March 2017. And second, that Defendants EDO

7 and Teyfukova misappropriated certain iSpot trade secrets. Plaintiff iSpot has the burden of proving

8 these claims.

9     I will later instruct you on the standards for the burden of proof that apply in this case.

10

11 **Source(s):** Manual of Model Jury Instructions for the Ninth Circuit 1.5.

12 **When to Read to Jury**: Before opening statement

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMENDED JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS

### INSTRUCTION NO. 16[1]

### BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Source(s):** Manual of Model Jury Instructions for the Ninth Circuit 1.6.

**When to Read to Jury**: Before opening statement

---

[1] Plaintiff agrees with this instruction, of course, but objects to it being given more than once.

18

**INSTRUCTION NO. 17**

**What Is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits that are admitted into evidence;

3.    the facts set forth in Court Exhibit No. 1; and

4.    any facts that I instruct you to accept as proved.


**Authority**: Model Civil Jury Instructions of the Ninth Circuit No. 1.9.

**When to Read to Jury**: Before opening statements and before closing arguments.

**INSTRUCTION NO. 18**

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they [may say] [have said] in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)    Testimony that is excluded or stricken, or that you [are] [have been] instructed to disregard, is not evidence and must not be considered.  In addition, some evidence [may be] [was] received only for a limited purpose; when I [instruct] [have instructed] you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4)    Anything you may [see or hear] [have seen or heard] when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Source(s):** Manual of Model Jury Instructions for the Ninth Circuit 1.10.

**When to Read to Jury**: Before opening statement

AMENDED JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INSTRUCTION NO. 19**

**Confidential Information**

During the course of this trial you will see and have access to certain information that is or is claimed to be confidential. You are hereby instructed not to reveal to anyone this sensitive information, except that you may discuss it among each other when it comes time for you to deliberate at the end of the trial.

**Authority**: Jury Instructions, *Wixen Music UK Ltd. v. Transparence Entertainment Group, Inc.*, No. 21-cv-02663-MEMF-MRW (ECF 215); *Midwest Mfg, LLC v. Curt Mfg.*, LLC, 2024 WL 4164250, at *2 (D.S.D. Sept. 12, 2024) ("The confidentiality markings were placed on the exhibits after litigation began. They are irrelevant to the issues in this case."); *BladeRoom Grp. Ltd. v. Facebook, Inc.*, 2018 WL 1569703, at *5 (N.D. Cal. Mar. 30, 2018) (same); *Sutphin v. Ethicon, Inc.*, 2020 WL 5079170, at *5 (S.D.W. Va. Aug. 27, 2020) (same).

**When to Read to Jury**: Before opening statements.

**INSTRUCTION NO. 20**

**CAUTIONARY INSTRUCTIONS**

**At the End of Each Day of the Case:**

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom.  This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case.  This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers.  You also must not communicate with anyone, in any way, about this case.  And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

**At the Beginning of Each Day of the Case:**

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here.  So you must not learn any additional information about the case from sources outside the courtroom.  To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

[ALTERNATIVE 1 (in open court): if you think that you might have done so, please let me know now by raising your hand. [Wait for a show of hands].  I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break.  Thank you for your careful adherence to my instructions.]

[ALTERNATIVE 2 (during voir dire with each juror, individually): Have you learned about or shared any information about this case outside of this courtroom? . . . Thank you for your careful adherence to my instructions.]

AMENDED JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS

**Source(s):** Manual of Model Jury Instructions for the Ninth Circuit 2.0.

**When to Read to Jury**: During Trial

**INSTRUCTION NO. 21**

**EXPERT OPINION TESTIMONY**

You will hear testimony from experts for Plaintiff named Georgios Zervas, Bryce Cook, and Sean Muller, and experts for Defendants named Isaac Pflaum and Laurence Freed, who will testify about their opinions and the reasons for those opinions. This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

Also, the fact that a witness is allowed to express opinions based on that person's specialized knowledge, skill, experience, training, or education should not cause you to give that witness undue deference for any of aspect of that person's testimony or otherwise influence your assessment of the credibility of that witness.

**Source(s):** Manual of Model Jury Instructions for the Ninth Circuit 2.13.

**When to Read to Jury**: During Trial and/or Before Closing Argument

24

**INSTRUCTION NO. 22**

**(DUAL ROLE TESTIMONY )**

You [are about to hear] testimony from Sean Muller who [will testify] to both facts and two types of opinions and the reasons for those opinions. I will describe all three types of testimony. The first is fact testimony. Fact testimony is based on what the witness personally saw, heard, or did. The second is opinion testimony based on the specialized knowledge, skill, experience, training, or education of the witness. The third is what is called "lay opinion testimony."

As to the testimony about facts, it is your job to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

As to the opinion testimony based on the witness's specialized knowledge, skill, experience, training, or education, you should judge this testimony like any other testimony. You may accept all of it, part of it, or none of it. You should give it as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

As to the lay opinion testimony, this testimony is based on inferences drawn from the witness's direct perceptions and must be rationally based on those perceptions and not on speculation or what someone else has said. You should judge this testimony like any other testimony. You may accept all of it, part of it, or none of it. You should give it as much weight as you think it deserves. When considering lay opinion testimony, however, you should not give it any extra credence based on the specialized knowledge, skill, experience, training, or education of this witness.

You also should consider whether the witness testified to personal observations or involvement as a fact witness, is testifying about a lay opinion based on the witness's perceptions, or is testifying to an opinion based on specialized knowledge, skill, experience, training, or education. When a witness provides opinion testimony based on knowledge, skill, experience,

25

training, or education, that person might rely on facts that are not based on his or her personal observations or involvement, but that opinion cannot serve as proof of the underlying facts.

**Source(s):** United States Court for the Ninth Circuit, Manual of Model Criminal Jury Instructions, 3.15 (Dual Role Testimony), Option 3.

**When to Read to Jury**: During Trial (Before Testimony of Mr. Muller)

**INSTRUCTION NO. 23**

**ESTABLISHED FACTS**

The parties have agreed to certain facts, and I have previously ordered in this action that certain facts were established.  These established facts will be placed in evidence as Court Exhibit No. 1 that will be read to you.  You must therefore treat these facts as having been proved.

**Source(s):** Manual of Model Jury Instructions for the Ninth Circuit 2.2.

**When to Read to Jury**: During Trial

AMENDED JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS

**INSTRUCTION NO. 24**

**DEPOSITION IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. [When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.]

The deposition of [*name of witness*] was taken on [*date*]. Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

**Source(s):** Manual of Model Jury Instructions for the Ninth Circuit 2.4.

**When to Read to Jury**: During Trial

AMENDED JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS

**INSTRUCTION NO. 25**

**IMPEACHMENT EVIDENCE—WITNESS**

The evidence that a witness *[e.g., has been convicted of a crime, lied under oath on a prior occasion, etc*.] may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

**Source(s):** Manual of Model Jury Instructions for the Ninth Circuit 2.9.

**When to Read to Jury**: During Trial

**INSTRUCTION NO. 26**

**(Use of Interrogatories)**

Evidence will now be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

**Authorities**: Model Civil Jury Instructions of the Ninth Circuit No. 2.11.

**When to Read to Jury**: During trial.

AMENDED JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS

**INSTRUCTION NO. 27**

**(Use of Requests for Admission)**

Evidence will now be presented to you in the form of admissions to the truth of certain facts. These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures. You must treat these facts as having been proved.


**Authorities**: Model Civil Jury Instructions of the Ninth Circuit No. 2.12.

**When to Read to Jury**: During trial.

**JURY INSTRUCTION NO. 28**

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

During the trial, certain graphics, charts and/or summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  Those materials are called demonstratives.  Demonstratives are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.  You will not be able to review these materials during your deliberations because they are not themselves evidence or proof of any facts.  You may, however, consider the testimony given in connection with those materials.

**Authorities**: Model Civil Jury Instructions of the Ninth Circuit No. 2.14, <u>modified</u>; Judicial Council of California Civil Jury Instructions 5020, <u>modified</u>.

**When to Read to Jury**: During Trial

**INSTRUCTION NO. 29**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the opportunity and ability of the witness to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case, if any;

(5)    the witness's bias or prejudice, if any;

(6)    whether other evidence contradicted the witness's testimony;

(7)    the reasonableness of the witness's testimony in light of all the evidence; and

(8)    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Source(s):** Manual of Model Jury Instructions for the Ninth Circuit 1.14.

**When to Read to Jury:** Before Closing Arguments

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INSTRUCTION NO. 30**

**CORPORATIONS AND PARTNERSHIPS—FAIR TREATMENT**

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

**Source(s):** Manual of Model Jury Instructions for the Ninth Circuit 4.1.
When to Read to Jury: Before Closing Arguments

AMENDED JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS

**JURY INSTRUCTION NO. 31**

**LIABILITY OF CORPORATIONS—SCOPE OF AUTHORITY NOT IN ISSUE**

Under the law, a corporation is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

**Source(s):** Manual of Model Jury Instructions for the Ninth Circuit 4.2.

**When to Read to Jury**: Before Closing Argument

**INSTRUCTION NO. 32[2]**

**(Burden of Proof – Preponderance of the Evidence)**

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Authority**: Model Civil Jury Instructions of the Ninth Circuit No. 1.6.

**When to Read to Jury**: Before closing arguments.

---

[2] Plaintiff agrees with this instruction, of course, but objects to it being given more than once.

37

**INSTRUCTION NO. 33**

**(ADVERSE INFERENCE FROM DESTRUCTION OF EVIDENCE)[3]**

You may consider whether one or both Defendants intentionally destroyed evidence. If you decide that either or both of them did so, you may decide that the evidence would have been unfavorable to them.

**Authority**: Court's Order on *Motions in Limine* ECF 401 at 6:19- 7:4; 9:5 – 11; 7.2.25 Transcript of Pretrial Conference, ECF 372 at 31:18 - 33:6)

**When Read to the Jury**: Before Closing Arguments

---

[3] Defendants maintain their objection to this instruction for the reasons laid out in Defendants' Motion *in Limine* to Exclude All Evidence Concerning Document Destruction and opposition to iSpot's Motion *in Limine* for Adverse Inference Jury Instruction and reserve all rights, remedies, and arguments in connection therewith.

Notwithstanding that objection, as a result of the Court's rulings on the parties' motions *in limine*, Defendants do not dispute the instruction here solely in light of the Court's ruling.

## INSTRUCTION NO. 34:

## (BREACH OF CONTRACT – SUMMARY OF CLAIM)

The following is a summary of iSpot's breach of contract claims to help you understand the issues in the case. You are not to take this instruction as proof of the matters claimed, unless I specifically instruct you to do so. It is for you to decide, based upon the evidence presented, whether a claim has been proved.

iSpot claims EDO breached the contract in one or more of the following respects:

1.  EDO passed through iSpot's raw data directly to EDO's customers, in violation of Section 1.3(b);

2.  EDO used iSpot's data to test EDO's TV Ad Dataset, in violation of Sections 1.3(e) and 1.3(i) of the iSpot Subscription Agreement;

3.  EDO used the iSpot Service to build and/or contribute to EDO's own competing third party products, namely EDO's Ava Product, TV Ad Dataset, and/or TV Ad Database (now Ad Engage), in violation of Sections 1.3(e) and/or 1.3(i); and/or

4.  EDO used non-movie data it downloaded from iSpot using Disney's API access key to help build or contribute to EDO's TV Ad Dataset in violation of Sections 1.3(e), 1.3(g) and/or 1.3(i).

The Court has determined that EDO was permitted to create its proprietary SEV and SER metrics and share them with its clients.  The Court has also determined as a matter of law that EDO is prohibited under the contract from disclosing iSpot's raw data – no matter how few the data points – to EDO's clients. The Court has further determined as a matter of law that any sharing of raw data with derivative insights by EDO would be a violation of Section 1.3 of the iSpot Subscription Agreement.

iSpot claims to have sustained damages as a result of these breaches of the contract, and seeks a judgment against EDO for these damages.

EDO denies it breached the parties' contract or that iSpot was damaged.

39

1  **Source(s):** Washington Pattern Jury Instruction – Civil (7th ed.), WPI 300.01; ECF No. 71 at 26

2  (citing *Storti v. Univ. of Wash.*, 330 P.3d 159, 163 (Wash. 2014)); ECF No. 280 at 18–20, 24–29.

3  **When to Read to Jury**: Before Closing Argument

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMENDED JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS

**INSTRUCTION NO. 35**

**(BREACH OF CONTRACT – BURDEN OF PROOF)**

iSpot has the burden of proving each of the following propositions on its claim of breach of contract:-

*First,* that the 2017 Agreement contained the following provisions:

- In Section 1.2, "[EDO] may use the iSpot Service: . . .(c) To create insights from the iSpot Data and share such work product with its customers, provided that the insights derived from the iSpot Data are combined with other insights and that iSpot's raw data or reports are not passed through directly to its customers."

- In Section 1.3(b), "Company may not share any data retrieved via the iSpot Service outside of Company's organization, other than as permitted in Section 1.2."

- In Section 1.3(e), "[EDO] may not use the iSpot Service to build or contribute to any other third party TV monitoring or analytics service. For purposes of clarity, using the iSpot Service to support [EDO's] own predictive movie analytics service in compliance with Section 1.2 above, shall not be a violation of this restriction."

- In Section 1.3(i), "[EDO] may not utilize data to build any services that comp[]ete with iSpot.tv, Inc. or give[] the impression that they compete with iSpot.tv, Inc."

*Second,* that EDO breached the 2017 Agreement in one or more of the ways claimed by iSpot; and

*Third*, that iSpot was damaged as a result EDO's breach or breaches.

If you find from your consideration of all the evidence that each of these propositions has been proved, your verdict should be for iSpot on this claim. On the other hand, if any of these propositions has not been proved, your verdict should be for-EDO on this claim.

41

1

2   **Authorities**: Washington Pattern Jury Instructions 300.02, modified; Amended Summ. J. Order,

3   ECF 374.

4   **When to Read to Jury**: Before closing arguments.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 36**

**(Breach of Contract – Contract Defined)**

A contract is a legally enforceable promise or set of promises.

**Authorities**: Washington Pattern Jury Instructions 301.01.

**When to Read to Jury**: Before closing arguments.

**INSTRUCTION NO. 37**

**CONTRACT INTERPRETATION**

A contract is to be interpreted to give effect to the intent of the parties at the time they entered the contract.

You are to take into consideration all the language used in the contract, giving to the words their ordinary meaning, unless the parties intended a different meaning.

You are to determine the intent of the contracting parties by viewing the contract as a whole, considering the subject matter and apparent purpose of the contract, all the facts and circumstances leading up to and surrounding the making of the contract, the subsequent acts and conduct of the parties to the contract, and the reasonableness of the respective interpretations offered by the parties.

**Source(s):** Washington Pattern Jury Instruction – Civil (7th ed.), WPI 301.05; *Scott Galvanizing, Inc. v. Nw. EnviroServices, Inc.*, 120 Wash. 2d 573, 580–81 (1993) (citation and internal quotation marks omitted) (cited by Court, ECF No. 280 at 18:1–3).

**When to Read to Jury**: Before Closing Arguments

**INSTRUCTION NO. 38**

**USAGE AND CUSTOM**

Usage and custom are admissible into evidence to explain the terms of a contract even though words in their ordinary or legal meaning are unambiguous.

**Source(s):** *Stender v. Twin City Foods, Inc.*, 82 Wash. 2d 250, 255–56 (1973) (cited by Court, ECF No. 280 at 18:3–5).

**When to Read to Jury**: Before Closing Arguments

1

*INSTRUCTION NO. 39: PLACEHOLDER FOR DISPUTED INSTRUCTION:*

2

**PLAINTIFF'S INSTRUCTION NO. 5 OR DEFENDANTS' INSTRUCTION NO. 6**

3

**(BREACH - DEFINITION)**

4

5

*See ECF 416 at 8:1 – 11:12*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMENDED JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS

**INSTRUCTION NO. 40**

**(Breach of Contract – Proximate Cause)**

The term "proximate cause" means a cause which in a direct sequence produces the injury complained of and without which such injury would not have happened.


**Authorities:** Washington Pattern Jury Instructions 15.01.

**When to Read to the Jury:** Before closing arguments.

47

**INSTRUCTION NO. 41:**

**(MEASURE OF EXPECTATION DAMAGES - BREACH OF CONTRACT)**

It is the duty of the court to instruct you as to the measure of damages. By instructing you on damages the court does not mean to suggest for which party your verdict should be rendered. In order to recover actual damages, iSpot has the burden of proving that EDO breached a contract with iSpot, and that iSpot incurred actual damages as a result of EDO's breach or breaches, and the amount of those damages.

If your verdict is for iSpot on its breach of contract claim, and if you find that iSpot has proved that iSpot incurred actual damages and the amount of those actual damages, then you shall award actual damages to iSpot.

Actual damages are those losses that were reasonably foreseeable, at the time the contract was made, as a probable result of a breach. A loss may be foreseeable as a probable result of a breach because it follows from the breach either

    (1) in the ordinary course of events, or

    (2) as a result of special circumstances, beyond the ordinary course of events, that the party in breach had reason to know.

In calculating iSpot's actual damages, you should determine the sum of money that will put iSpot in as good a position as iSpot would have been in if EDO had performed all of its promises under the contract. iSpot is not entitled to a double recovery. Thus, if you find for iSpot on its breach of contract claim, you should award damages that compensate iSpot fully for all of its losses, but without awarding the same loss twice.

In this case, iSpot seeks damages consisting of lost profits and lost subscription fees.

The burden of proving damages rests with iSpot and it is for you to determine, based upon the evidence, whether any particular element has been proved by a preponderance of the evidence. You must be governed by your own judgment, by the evidence in the case, and by these instructions, rather than by speculation, guess, or conjecture.

**Source(s):** Washington Pattern Jury Instruction – Civil (7th ed.), WPI 303.01.

**When to Read to Jury**: Before Closing Argument

**INSTRUCTION NO. 42**

**BREACH OF CONTRACT — DAMAGES — LOST PROFITS**

One type of actual damages that iSpot seeks is lost profits.  Specifically, iSpot claims that it lost clients or business from clients because of EDO's breaches of contract.  iSpot's damages may include lost profits if iSpot proves with reasonable certainty that it would have earned those profits, but it did not because of EDO's breach.

"Reasonable certainty" relates to the fact of damage rather than the amount of damage.

**Source(s)**: Washington Pattern Jury Instruction – Civil (7th ed.), WPI 300.04; WPI 303.04.

**When to Read to Jury**: Before Closing Argument

49

## INSTRUCTION NO. 43

## BREACH OF CONTRACT — DAMAGES — LOST SUBSCRIPTION FEES

Another type of actual damages that iSpot seeks is lost subscription fees. Specifically, iSpot claims that it lost subscription fees because of EDO's breaches of contract. iSpot's damages may include lost subscription fees if iSpot proves with reasonable certainty that it would have earned those fees, but it did not because of EDO's breach.

"Reasonable certainty" relates to the fact of damage rather than the amount of damage.

**Authorities**: *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 709 (9th Cir. 2004), *as amended on denial of reh'g and reh'g en banc* (Oct. 25, 2004); *Oracle Corp. v. SAP AG*, 765 F.3d 1081, 1087 (9th Cir. 2014).

**When to Read to Jury**: Before Closing Argument

**INSTRUCTION NO. 44**

**Misappropriation of Trade Secrets — Essential Factual Elements**

iSpot claims that EDO and Ms. Teyfukova have misappropriated one or more trade secrets. To succeed on this claim, iSpot must prove all of the following:

1. That iSpot owned the iSpot Data;

2. That the iSpot Data were trade secrets at the time of the misappropriation.

3. That EDO and/or Ms. Teyfukova improperly used one or more of the trade secrets;

4. That iSpot was harmed; and

5. That EDO's and/or Ms. Teyfukova's use was a substantial factor in causing iSpot's harm.

If you find Ms. Teyfukova liable for trade secret misappropriation, then EDO is also vicariously liable for her conduct.

**Source(s):** CACI 4401.

**When to Read to Jury**: Before Closing Argument

**INSTRUCTION NO. 45**

**MISAPPROPRIATION OF TRADE SECRETS – INTRODUCTION**

iSpot claims that it is and was the owner of proprietary real-time syndicated tv ad airings data. For purposes of these instructions, iSpot's proprietary real-time syndicated tv ad airings data are referred to for short as "iSpot's Data."  iSpot claims that the iSpot Data are trade secrets and that EDO and Ms. Teyfukova misappropriated them.

"Misappropriation" means the improper use of the trade secrets.

iSpot also claims that EDO's and Ms. Teyfukova's misappropriation caused it harm. EDO and Ms. Teyfukova deny iSpot's trade secret claims.

**Source(s):** CACI 4400.

**When to Read to Jury**: Before Closing Argument

AMENDED JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS

**INSTRUCTION NO. 46**

**(Misappropriation of Trade Secrets – Secrecy Requirement)**

The secrecy required to prove that something is a trade secret does not have to be absolute in the sense that no one else in the world possesses the information. It may be disclosed to employees involved in Plaintiff's use of the trade secret as long as they are instructed to keep the information secret. It may also be disclosed to nonemployees if they are obligated to keep the information secret. However, it must not have been generally known to the public or to people who could obtain value from knowing it.

**Authorities**: Judicial Council of California Civil Jury Instruction No. 4403, <u>modified</u>; 18 U.S.C. § 1839(3)(A).

**When to Read to Jury**: Before closing arguments.

AMENDED JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS

**INSTRUCTION NO. 47**

**(Misappropriation of Trade Secrets – Reasonable Efforts to Protect Secrecy)**

To establish that the iSpot Data is a trade secret, iSpot must prove that it made reasonable efforts under the circumstances to keep it secret. "Reasonable efforts" are the efforts that would be made by a reasonable business in the same situation and having the same knowledge and resources as iSpot, exercising due care to protect important information of the same kind. This requirement applies separately to each item that iSpot claims to be a trade secret.

In determining whether or not iSpot made reasonable efforts to keep the iSpot Data secret, you should consider all of the facts and circumstances. Among the factors you may consider are the following:

a. Whether documents or computer files containing the iSpot Data were marked with confidentiality warnings;

b. Whether iSpot instructed its employees and others who received the information to treat the information as confidential;

c. Whether iSpot restricted access to the iSpot Data to persons who had a business reason to know the information;

d. Whether iSpot kept the iSpot Data in a restricted or secured area;

e. Whether iSpot required employees or others with access to the iSpot Data to sign confidentiality or nondisclosure agreements;

f. Whether Plaintiff employed security controls to verify each user's identity, such as dual-factor authentication;

g. Whether Plaintiff used operational controls to monitor and record usage of the iSpot Data;

h. Whether Plaintiff took any action to protect the iSpot Data, or whether it relied on general measures taken to protect its business information or assets;

i. The extent to which any general measures taken by iSpot would prevent the unauthorized disclosure of the information;

j. Whether there were other reasonable measures available to iSpot that it did not take.

54

1    **Authorities**: Judicial Council of California Civil Jury Instruction No. 4404,

2    modified; 18 U.S.C. § 1839(3)(A); *WalkMe Ltd. v. Whatfix, Inc.*, 2024 WL 3364019, at *2 (N.D.

3    Cal. July 9, 2024); *7EDU Impact Acad. Inc. v. You*, 760 F. Supp. 3d 981, 996 (N.D. Cal. 2024).

4    **When to Read to Jury**: Before closing arguments.

**INSTRUCTION NO. 48**

**(Misappropriation of Trade Secrets – "Independent Economic Value" Explained)**

Information has independent economic value if it gives the owner an actual or potential business advantage over others who do not know the information and who could obtain economic value from its use.

In determining whether information had actual or potential independent economic value because it was secret, you may consider the following:

(a) The extent to which Plaintiff obtained or could obtain economic value from the information in keeping it secret;

(b) The extent to which others could obtain economic value from the information if it was not secret;

(c) The amount of time, money, or labor that Plaintiff expended in developing the information;

(d) The amount of time, money, or labor that would be saved by a competitor who used the information.

The presence or absence of any one or more of these factors is not necessarily determinative.

**Authorities**: Judicial Council of California Civil Jury Instruction No. 4412; 18 U.S.C. § 1839(3)(B).

**When to Read to Jury**: Before closing arguments.

56

**INSTRUCTION NO. 49**

**(Misappropriation of Trade Secrets – Misappropriation by Use)**

Defendant(s) misappropriated iSpot's data by use if Defendant(s):

1.  Used it without iSpot's consent; and

2.  Did any of the following:

     a.  Acquired knowledge of iSpot's data by improper means; or

     b.  At the time of use, knew or had reason to know that their knowledge of iSpot's data was acquired under circumstances creating a legal obligation to limit use of the information.

**Authorities**: Judicial Council of California Civil Jury Instruction No. 4407; 18 U.S.C. § 1839(5)(B).

**When to Read to Jury**: Before closing arguments.

1

**INSTRUCTION NO. 50**

2

**(Misappropriation of Trade Secrets – Improper Means of Acquiring Trade Secret)**

3      Improper means of acquiring a trade secret or knowledge of a trade secret include, but are not

4   limited to, theft, misrepresentation/breach, or inducing a breach of duty to maintain secrecy.

5      However, it is not improper to acquire a trade secret or knowledge of the trade secret by any of

6   the following:

7      1.   Independent efforts to invent or discover the information;

8      2.   Observing the information in public use or on public display; or

9      3.   Obtaining the information from published literature, such as trade journals, reference books,

10          the Internet, or other publicly available sources.

11

12   <u>**Authorities**</u>: Judicial Council of California Civil Jury Instruction No. 4408.

13   <u>**When to Read to Jury**</u>: Before closing arguments.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMENDED JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS

**INSTRUCTION NO. 51**

**(Trade Secrets Causation -- Substantial Factor)**

A substantial factor in causing damages means a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

**Authorities**: Judicial Council of California Civil Instruction No. 430.

**When to Read to Jury**: Before closing arguments.

AMENDED JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS

1

**INSTRUCTION NO. 52**

2

**REMEDIES FOR MISAPPROPRIATION OF TRADE SECRET**

3

4      If iSpot proves that EDO and/or Ms. Teyfukova misappropriated any of its trade secrets,

5   iSpot may be entitled to a reasonable royalty for no longer than the period of time the use could

6   have been prohibited. However, I will calculate the amount of any royalty.

7

8   **Source(s):** CACI 4409.

9   **When to Read to Jury**: Before Closing Arguments

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMENDED JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS

**INSTRUCTION NO. 53**

**PUNITIVE DAMAGES FOR WILLFUL AND MALICIOUS MISAPPROPRIATION**

If you decide that EDO's and/or Ms. Teyfukova's misappropriation caused iSpot harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed iSpot and to discourage similar conduct in the future. In order to recover punitive damages, iSpot must prove by clear and convincing evidence that EDO or Ms. Teyfukova acted willfully and maliciously. You must determine whether EDO or Ms. Teyfukova acted willfully and maliciously, but you will not be asked to determine the amount of any punitive damages. I will calculate the amount later.

"Willfully" means that EDO or Ms. Teyfukova acted with a purpose or willingness to commit the act or engage in the conduct in question, and the conduct was not reasonable under the circumstances at the time and was not undertaken in good faith.

"Maliciously" means that EDO or Ms. Teyfukova acted with an intent to cause injury, or that EDO or Ms. Teyfukova's conduct was despicable and was done with a willful and knowing disregard for the rights of others. "Despicable conduct" is conduct so vile, base, or wretched that it would be looked down on and despised by ordinary decent people. EDO or Ms. Teyfukova acted with knowing disregard if it and/or she was or were aware of the probable consequences of its and/or her conduct and deliberately failed to avoid those consequences.

**Source(s):** CACI 4411.

**When to Read to Jury**: Before Closing Arguments

1

**INSTRUCTION NO. 54**

2

**BURDEN OF PROOF— CLEAR AND CONVINCING EVIDENCE**

3  I have just instructed you that, in order to recover punitive damages, iSpot must prove by

4 clear and convincing evidence that EDO or Ms. Teyfukova acted willfully and maliciously. This

5 means that iSpot must present evidence that leaves you with a firm belief or conviction that it is

6 highly probable that the factual contentions of the claim for punitive damages are true.  This is a

7 higher standard of proof than proof by a preponderance of the evidence, but it does not require proof

8 beyond a reasonable doubt.

9

10  **Source(s):** Manual of Model Jury Instructions for the Ninth Circuit 1.7.

11  **When to Read to Jury**: Before Closing Arguments

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMENDED JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS

**INSTRUCTION NO. 55**

**(Duty of Jury)**

Members of the Jury: Now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.


**Authority**: Model Civil Jury Instructions of the Ninth Circuit No. 1.4.

**When to Read to Jury**: Before closing arguments.

AMENDED JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS

**INSTRUCTION NO. 56**

**(Duty to Deliberate)**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Authorities**: Model Civil Jury Instructions of the Ninth Circuit No. 3.1.

**When to Read to Jury**: Before closing arguments.

**INSTRUCTION NO. 57**

**(Credibility of Witness)**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.  the opportunity and ability of the witness to see or hear or know the things testified to;

2.  the witness's memory;

3.  the witness's manner while testifying;

4.  the witness's interest in the outcome of the case, if any;

5.  the witness's bias or prejudice, if any;

6.  whether other evidence contradicted the witness's testimony;

7.  the reasonableness of the witness's testimony in light of all the evidence; and

8.  any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

AMENDED JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS

You must not be biased against or in favor of any witness because of his or her disability, gender, race, religion, ethnicity, sexual orientation, age, national origin, or socioeconomic status.

**Authorities**: Model Civil Jury Instructions of the Ninth Circuit No. 1.14; Judicial Council of California Civil Instruction No. 5003 (last paragraph).

**When to Read to Jury**: Before closing arguments.

AMENDED JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 58**

**(Demonstratives)**

During the trial, certain graphics, charts and/or summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  Those materials are called demonstratives.  Demonstratives are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.  You will not be able to review these materials during your deliberations because they are not themselves evidence or proof of any facts. You may, however, consider the testimony given in connection with those materials.

**Authorities**: Model Civil Jury Instructions of the Ninth Circuit No. 2.14, <u>modified</u>; Judicial Council of California Civil Jury Instructions sec. 5020, <u>modified</u>.

**When to Read to Jury**: Before closing arguments.

**INSTRUCTION NO. 59**

**(Summary Exhibits)**

During the trial, certain charts and summaries have been admitted into evidence to illustrate information brought out in the trial.  Those materials are called summary exhibits.  You will be able to review them during your deliberations.

Summary exhibits are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

**Authorities**: Model Civil Jury Instructions of the Ninth Circuit No. 2.15, <u>modified</u>; Judicial Council of California Civil Jury Instructions sec. 5020, <u>modified</u>.

**When to Read to Jury**: Before closing arguments.

**INSTRUCTION NO. 60**

**(Communication With the Court)**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

**Authorities**: Model Civil Jury Instructions of the Ninth Circuit No. 3.3.

**When to Read to Jury**: Before closing arguments.

69

**INSTRUCTION NO. 61**

**(Evidence in Electronic Format)**

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the clerk. If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the clerk, signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the clerk present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

**Authorities:** Model Civil Jury Instructions of the Ninth Circuit No. 2.16.

**When to Read to Jury:** Before closing arguments.

**INSTRUCTION NO. 62**

**CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy

71

of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings [, and a mistrial could result that would require the entire trial process to start over].  If any juror is exposed to any outside information, please notify the court immediately.

**Source(s):** Manual of Model Jury Instructions for the Ninth Circuit 3.2.

**When to Read to Jury:** After Closing Argument and Before Deliberations

**INSTRUCTION NO. 63**

**READBACK OR PLAYBACK**

Because a request has been made for a [readback] [playback] of the testimony of *witness's name*] it is being provided to you, but you are cautioned that all [readbacks] playbacks] run the risk of distorting the trial because of overemphasis of one portion of the testimony. [Therefore, you will be required to hear all the witness's testimony on direct and cross-examination, to avoid the risk that you might miss a portion bearing on your judgment of what testimony to accept as credible.] [Because of the length of the testimony of this witness, excerpts will be [read] [played].] The [readback] [playback] could contain errors.  The [readback] [playback] cannot reflect matters of demeanor [, tone of voice,] and other aspects of the live testimony.  Your recollection and understanding of the testimony controls.  Finally, in your exercise of judgment, the testimony [read] [played] cannot be considered in isolation but must be considered in the context of all the evidence presented.

**Source(s):** Manual of Model Jury Instructions for the Ninth Circuit 3.4.

**When to Read to Jury**: After Closing Argument

AMENDED JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS

**INSTRUCTION NO. 64**

**RETURN OF VERDICT**

A verdict form has been prepared for you.  [*Explain verdict form as needed.*]  After you have reached unanimous agreement on a verdict, your [presiding juror] [foreperson] should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] [bailiff] that you are ready to return to the courtroom.

**Source(s):** Manual of Model Jury Instructions for the Ninth Circuit 3.5.

**When to Read to Jury**: After Closing Argument and Before Deliberations

AMENDED JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS

**INSTRUCTION NO. 65**

**POST-DISCHARGE INSTRUCTION**

Now that the case has been concluded, some of you may have questions about the confidentiality of the proceedings. Now that the case is over, you are free to discuss it with any person you choose. By the same token, however, I would advise you that you are under no obligation whatsoever to discuss this case with any person.

[If you do decide to discuss the case with anyone, I would suggest you treat it with a degree of solemnity in that whatever you do decide to say, you would be willing to say in the presence of the other jurors or under oath here in open court in the presence of all the parties.]

[Finally, always bear in mind that if you do decide to discuss this case, the other jurors fully and freely stated their opinions with the understanding they were being expressed in confidence. Please respect the privacy of the views of the other jurors.]

[Finally, if you would prefer not to discuss the case with anyone, but are feeling undue pressure to do so, please feel free to contact the courtroom deputy, who will notify me, and I will assist.]

**Source(s):** Manual of Model Jury Instructions for the Ninth Circuit 3.9.

**When to Read to Jury**: After Verdict

/ //

/ /

/ /

/ /

/ /

/ /

/ /

/ /

AMENDED JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS

1    Dated: January 5, 2026                    Respectfully submitted,

2                                              FOX ROTHSCHILD LLP

3
                                              By:    /s/ Michael Eidel
4                                                     Michael Eidel (SBN 119701)

5                                              FOX ROTHSCHILD LLP

6
                                              By:    /s/ James E. Breitenbucher
7                                                     James E. Breitenbucher (*pro hac vice*)

8                                              *Attorneys for Plaintiff*

9
                                              HOLWELL SHUSTER & GOLDBERG LLP
10

11                                             By:    /s/ Demian Ordway
                                                     Demian Ordway (*pro hac vice*)
12
                                              VALLE MAKOFF LLP
13

14                                             By:    /s/ Jeffrey B. Valle
                                                     Jeffrey B. Valle (SBN 110060)
15

16                                             *Attorneys for Defendants*

17

18

19

20

21

22

23

24

25

26

27

28

AMENDED JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS