**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ISPOT.TV, INC.,

*Plaintiff*,

v.

NADYA TEYFUKOVA and ENTERTAINMENT DATA ORACLE,

*Defendants*.

Case No.: 2:21-CV-06815-MEMF-MAR

**ORDER DENYING PLAINTIFF ISPOT.TV, INC.'S MOTION FOR A PERMANENT INJUNCTION [DKT. NO. 489]**

Before the Court is the Motion for a Permanent Injunction filed by Plaintiff iSpot.tv, Inc. Dkt. No. 489 ("Motion"). For the reasons stated below, the Motion is DENIED.

/ / /

/ / /

/ / /

## I. Background

### A. Factual Background

Plaintiff iSpot.tv, Inc. ("iSpot") alleges that Defendants Nadya Teyfukova and Entertainment Data Oracle, Inc. ("EDO") impermissibly used iSpot's data for EDO's advantage. iSpot alleges that this happened in two ways.

First, iSpot alleges that EDO used iSpot's services and data to develop a competing service. In so doing, iSpot alleges EDO breached the contracts between iSpot and EDO. Second, iSpot alleges that EDO, which employed Teyfukova, used Teyfukova's credentials from a prior employer to download iSpot's data. In so doing, iSpot alleges that EDO and Teyfukova misappropriated iSpot's trade secrets.

### B. Procedural History

iSpot initiated this action in federal court on August 24, 2021. *See* Dkt. No. 1. On February 24, 2023, iSpot filed its operative Second Amended Complaint. *See* Dkt. No. 74 ("2AC"). It states four causes of action against EDO[1]: (1) violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836; (2) misappropriation of trade secrets, Cal. Civ. Code § 3426.1 *et seq.*; (3) violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1201 *et seq.*; and (4) breach of contract. *See generally id.*

On May 22, 2023, this Court granted Defendants' motion to dismiss iSpot's third cause of action, for violation of the Digital Millennium Copyright Act. *See* Dkt. No. 90.

On February 28, 2025, Defendants moved for summary judgment. Dkt. No. 172. This Court granted the motion in part. Dkt. No. 374. None of the three remaining claims were dismissed in their entirety, but the Court granted summary judgment in favor of EDO on several of iSpot's theories.

A jury trial in this matter began on January 5, 2026. *See* Dkt. No. 433. On January 15, 2026, the jury returned a verdict. *See* Dkt. No. 468. The jury concluded that EDO was liable for breach of contract and awarded iSpot $18.3 million in actual damages. *See id.* at 2. And it concluded that EDO

---

[1] The first three listed causes of action were also brought against Teyfukova. She was not found liable at trial and has stated no position on this Motion.

and Teyfukova were not liable for trade secret misappropriation under federal or California law, as the iSpot Data[2] was not iSpot's trade secret. *See id.* at 5.

On February 19, 2026, iSpot filed the instant Motion. *See* Motion. Alongside the Motion, iSpot filed the Declaration of James E. Breitenbucher, *see* Dkt. No. 490 ("Breitenbucher Decl."), which includes iSpot's proposed injunction as an exhibit, *see id.* Ex. A ("Proposed Injunction"). iSpot also filed the Declaration of Georgios Zervas, upon which iSpot relies in the Motion. *See* Dkt. No. 491 ("Zervas Decl.").

On March 12, 2026, EDO opposed the Motion. *See* Dkt. No. 501 ("Opposition" or "Opp."). Alongside the Opposition, EDO filed a copy of the 2017 Agreement that EDO and iSpot entered, which was admitted into evidence at trial. *See* Dkt. No. 501-2 ("2017 Agreement"). On March 26, 2026, iSpot filed a reply. *See* Dkt. No. 511 ("Reply").

This Court held a hearing on the Motion on April 16, 2026, after which it took the Motion under submission.

## II. <u>Applicable Law</u>

A plaintiff seeking a permanent injunction must demonstrate the following: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006). "The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court." *Id.*

[2] The jury received the following definition for the "iSpot Data:" "iSpot's proprietary real-time syndicated tv ad airings data." Jury Instruction No. 33, Dkt. No. 465 at 34.

**III. Discussion**

A plaintiff is not entitled to a permanent injunction absent a showing that the plaintiff has suffered an irreparable injury that monetary damages could not adequately compensate. *See eBay*, 547 U.S. at 391. For the reasons below, iSpot has not made such a showing.

For purposes of this Motion, the Court assumes without deciding that if EDO remained in possession of iSpot's data and continued to use it, this would constitute irreparable injury.

The parties dispute this factual predicate: whether EDO remains in possession of iSpot's data and continues to use it. iSpot asserts that it "showed EDO's continued use of iSpot's data that post-dates the damage period testified to by iSpot's damages expert." *See* Motion at 8–9. In support, the Motion cites three exhibits admitted at trial, and testimony by its witnesses Dr. Georgios Zervas and Sean Muller that matching timestamps show copying of data. *See id.* at 9 (citing Exs. 583, 586, and 589); Breitenbucher Decl., Exs. F (Trial Ex. 583), G (Trial Ex. 586), H (Trial Ex. 587); Reply at 1-3 (discussing testimony of Zervas and Muller). To the extent that this evidence show copying of iSpot data, they do not show that any use is *ongoing*. In fact, EDO's witness Joshua Lee testified that the relevant data was deleted. Opp. at 2 (citing Tr. 929:12-15).

In light of this, iSpot asks this Court to credit its evidence and discredit EDO's. In fact, iSpot argues that the Seventh Amendment demands this, as this Court is required to follow "the jury's implicit finding that EDO's witnesses are not credible." Reply at 3–4. According to iSpot, the EDO witnesses' "lack of credibility is implicit in the jury's verdict for iSpot on the breach of contract claim, which the Seventh Amendment requires the Court to follow." *Id.* at 4 (citing U.S. Const. amend. VII). iSpot is simply wrong. First, the Seventh Amendment prohibits this Court from re-trying any "fact tried by a jury." U.S. Const. amend. VII. The fact of EDO's allegedly ongoing use of iSpot data was never tried by the jury. So this Court must independently determine whether that use is ongoing. Second, to the extent that this Court is required to follow any implicit findings about credibility to reject this specific testimony by Lee, it would only be required to follow an implicit finding about the credibility of this specific testimony by Lee. Notably, even iSpot does not and cannot argue that none of Lee's testimony should be credited; to the contrary, it asks the Court to credit Lee's testimony about the significance of matching time stamps. Motion at 4.

Given the number of theories of breach of contract presented to the jury, the jury verdict does not necessarily mean that the jury disbelieved Lee's testimony as to the deletion of the data. Similarly, the jury was presented with a plethora of evidence upon which to find a breach. The jury verdict does not necessarily mean that it credited the "matching time stamps" theory, and therefore that the Court must credit it.

The Court finds that the evidence iSpot has presented does not carry its burden to show that any use of iSpot's data is ongoing. Accordingly, on this record, it cannot show the required element of irreparable injury and its Motion fails.

iSpot cited *Moement, Inc. v. Groomore, Inc*., 22-2871 (C.D. Cal. July 29, 2025), Dkt. No. 296, at the hearing in support of its Motion. But in *Moement*, the District Court found a "threat of future, irreparable injury." Id. at *4. iSpot has not made that showing here.

Similarly, because this Court has found iSpot has not shown its injury is ongoing, iSpot's other authorities are inapposite. *Sprint Nextel Corp. v. Thuc Ngo*, No. 12-2764, 2012 WL 4127296, at *8 (N.D. Cal. Sep. 18, 2012), *report and recommendation adopted*, No. 12-2764, 2012 WL 4801629 (N.D. Cal. Oct. 9, 2012) (commenting that, "given the ongoing nature of Defendant's conduct, Plaintiff would be forced to repeatedly file suit any time that Defendant engaged in infringing conduct"). And iSpot cites *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, for the argument that "the very need to file multiple lawsuits as a consequence of [a defendant's] inducement is itself supportive of an irreparable harm finding." 518 F. Supp. 2d 1197, 1219 (C.D. Cal. 2007). But there, the plaintiff "offered two independently sufficient grounds for a finding of irreparable harm," both of which were ongoing. *See id.* iSpot has made no such showing.

On Reply, iSpot improperly shifts the burden to EDO. *See* Reply at 1–2 ("EDO is in the best position to present its own data. . . . EDO could have easily presented contrary evidence . . . demonstrating that the remainder of its 1.5 million ad airings times did not match iSpot's ad airings times."). But it is iSpot's burden to demonstrate that a permanent injunction should issue, not EDO's burden to explain that it should not.

In sum, a plaintiff is not entitled to a permanent injunction where—as here—it fails to show that it faces irreparable injury. Because iSpot has not shown the first requirement for a permanent injunction, the Motion fails.

**IV. Conclusion**

For the foregoing reasons, the Motion is DENIED.

IT IS SO ORDERED.

Dated: October 24, 2026.

MAAME EWUSI-MENSAH FRIMPONG
United States District Judge